■ PAUL ZIMMERMAN et al., Respondents, v JEFFREY YUSKEVICH et al., Defendants, and EDWARD EHRBAR, INC., et al., Appellants. (And a Related Action.) [760 NYS2d 882] —In an action to recover damages for personal injuries, etc., the defendant Edward Ehrbar, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Honorof, J.), dated June 24, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Edward Ahern, also known as Edward Aherne, also known as Edward Ahearn cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, the motion and that branch of the cross motion which was for summary judgment are granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Edward Ehrbar, Inc., and Edward Ahern, also known as Edward Aherne, also known as Edward Ahearn, and the action against the remaining defendants is severed.

The plaintiff Paul Zimmerman allegedly sustained injuries while descending steps in front of a house. He claimed that the cause of his fall was a height differential of the riser of the bottom step compared to the other steps.

The appellants established their entitlement to judgment as a matter of law by submitting evidence that the alleged cause of the plaintiff's fall was based on speculation (*see Bitterman v Grotyohann,* 295 AD2d 383, 384 [2002]; *Schmidt v Barstow Assoc.,* 276 AD2d 784 [2000]; *Dapp v Larson,* 240 AD2d 918, 919 [1997]; *Rambo v Longmore,* 269 App Div 859 [1945], *affd*

295 NY 792 [1946]). In opposition, the plaintiffs failed to present sufficient evidence to raise a triable issue of fact (see *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

In light of our determination, we need not reach the parties' remaining contentions. Feuerstein, J.P., McGinity, Adams and Crane, JJ., concur.