■ Sharon Romanowski, Respondent, v Clifford Yahr et al., Appellants. [773 NYS2d 922]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 26, 2003. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell on the front stairs of defendants' mobile home. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Defendants failed to meet their initial

burden of demonstrating their entitlement to judgment as a matter of law (see CPLR 3212 [b]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "[D]efendants submitted no evidence to demonstrate that the stairs were free of defects. Instead, defendants submitted the deposition testimony of plaintiff[ ] and claim that the testimony fails to establish a defect" (Feldman v Dombrowsky, 288 AD2d 605, 606 [2001]). "A moving party . . . does not meet its burden by noting gaps in [her] opponent's proof" (Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [1995]). Further, even assuming, arguendo, that defendants met their initial burden on the motion, we conclude that the affidavit of plaintiff's expert is sufficient to raise an issue of fact whether plaintiff's accident resulted from the failure of the stairs to conform to the State Uniform Fire Prevention and Building Code (Building Code) (see former 9 NYCRR 713.1 [b] [4]). Violation of the Building Code constitutes some evidence of negligence (see Elliott v City of New York, 95 NY2d 730, 734-735 [2001]). It is for a jury to decide whether defendants violated the Building Code and, if so, whether that violation proximately caused plaintiff's accident.

All concur except Pigott, Jr., P.J., and Hurlbutt, J., who dissent and vote to reverse in accordance with the following memorandum.

Pigott, Jr., P.J., and Hurlbutt, J. (dissenting). We respectfully dissent. In support of their summary judgment motion, defendants submitted the deposition testimony of plaintiff that she did not know what caused her to fall; that her foot did not slip; that she did not trip or stub her toe; and that she could not remember whether she "missed a step." Contrary to the conclusion of the majority, that evidence is sufficient to establish defendants' entitlement to summary judgment dismissing the complaint, because it "demonstrat[es] that any determination as to what caused the plaintiff to fall would be based on speculation" (Koller v Leone, 299 AD2d 396, 397 [2002]; see Curran v Esposito, 308 AD2d 428, 429 [2003]; Zimmerman v Yuskevich, 306 AD2d 403 [2003]; see also Novoni v La Parma Corp., 278 AD2d 393 [2000]). Contrary to the further conclusion of the majority, the affidavit of plaintiff's expert does not raise an issue of fact whether the alleged building code violation was a proximate cause of plaintiff's fall. Rather, the expert's assertion that the out-of-level stair treads may have contributed to plaintiff's fall "was not based on admissible evidence in the record, was purely speculative, and was insufficient to raise a triable issue of fact" (Koller, 299 AD2d at 397; see Curran, 308 AD2d at 429; see also Bitterman v Grotyohann, 295 AD2d 383, 384 [2002]; cf. Feldman

*v Dombrowsky*, 288 AD2d 605, 606 [2001]). We would therefore reverse the order, grant defendants' motion and dismiss the complaint. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.