■ ANTHONY J. BRIGANDI et al., Appellants, v DAVID M. PIECHOWICZ et al., Respondents. [787 NYS2d 790]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered January 28, 2004. The order granted defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Anthony J. Brigandi (plaintiff) when he fell on the exterior stairs at the rear entrance to defendants' residence. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint inasmuch as defendants failed to meet their initial burden of demonstrating their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49

NY2d 557, 562 [1980]). Defendants concede that the stairs at issue failed to conform to the State Uniform Fire Prevention and Building Code (Building Code) because of the absence of a handrail or railings on both sides of the stairs (*see* former 9 NYCRR 713.1 [f] [1], [3], [4]). "Violation of the Building Code constitutes some evidence of negligence (*see Elliott v City of New York*, 95 NY2d 730, 734-735 [2001]) . . . [, and i]t is for a jury to decide . . . whether that violation proximately caused plaintiff's accident" (*Romanowski v Yahr*, 5 AD3d 985, 985 [2004]). Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.