■ JAMES HELMS, Appellant, v REGAL CINEMAS, INC., Respondent. [852 NYS2d 882]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on water-saturated carpeting in the lobby of defendant's movie theater. Defendant moved for summary judgment dismissing the complaint on the ground that there was a snowstorm in progress at the time of plaintiff's fall. We agree with plaintiff that Supreme Court erred in granting the motion (*see Schuster v Dukarm*, 38 AD3d 1358 [2007]). In support of the motion, defendant submitted, inter alia, the deposition testimony of plaintiff in which he testified that it had been snowing "most of the day," and that there was "[p]robably a foot of snow on the ground" when he entered defendant's movie theater. He did not, however, expressly state that it was snowing at the time he entered the movie theater, and thus it cannot be said that defendant established as a matter of law, based on that deposition testimony, that there was a storm in progress. In any event, even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiff submitted the deposition testimony of his wife, who was with him at the movie theater. According to her deposition testimony, it was not snowing at the time of her husband's fall, and she estimated that one inch of snow had accumulated throughout the day. In addition, plaintiff submitted a certified record of the National Climatic Data Center showing that there was only a trace of snowfall in the area in question that day. We thus conclude on the record before us that there is an issue of fact whether there was a snowstorm in progress when plaintiff entered the movie theater "and, if not, whether a reasonable period of time had elapsed after the cessation of the storm to impose a duty on defendant [to clean the lobby]" (*Williams v Scruggs Community Health Care Ctr.*, 255 AD2d 982, 983 [1998]; *see Boarman v Siegel, Kelleher & Kahn*, 41 AD3d 1247, 1248 [2007]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.