■ JOSEPH B. GILFUS, Plaintiff, v CSX TRANSPORTATION, INC., Defendant/Third-Party Plaintiff-Respondent. CLIFTON SPRINGS HOSPITAL et al., Third-Party Defendants-Appellants. [914 NYS2d 837]—

Appeals from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 26, 2010. The order, insofar as appealed from, denied the motions of third-party defendants for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*) seeking damages for injuries he sustained during the course of his employment with defendant/third-party plaintiff, CSX Transpor-

tation, Inc. (CSXT). Tree limbs and other debris had accumulated on CSXT tracks during an ice storm, and plaintiff sustained fractures to his right leg when a tree that he was attempting to clear from the tracks fell on him. Ten days after the accident, plaintiff's right leg was amputated above the knee by a nonparty surgeon at a nonparty hospital. CSXT commenced a third-party action against the physicians and hospitals that provided medical services to plaintiff during the two days following the accident. Plaintiff was first seen by Elizabeth Romero, M.D. at Clifton Springs Hospital (collectively, Romero third-party defendants). As the result of the ice storm, however, that hospital lost its main power and did not have an operating room or surgeon available to treat plaintiff. Arrangements were therefore made for plaintiff to be transferred to Auburn Memorial Hospital, where he was examined by David Avner, M.D. (collectively, Avner third-party defendants). Avner diagnosed compartment syndrome and concluded that a fasciotomy was necessary to treat that condition. He contacted third-party defendant Kathi Teixeira, M.D., the orthopedic surgeon who was on call. Dr. Teixeira traveled to the hospital, examined plaintiff, assembled a surgical team, and performed the fasciotomy. Following that procedure, plaintiff was transferred to another hospital. His leg developed muscular necrosis and was amputated.

Supreme Court properly denied the motion of Kathi Teixeira, M.D. and Kathi F. Teixeira, M.D., P.C. (collectively, Teixeira third-party defendants) and the cross motion of the Romero third-party defendants seeking summary judgment dismissing the third-party complaint against them. In addition, we note that CSXT consented to the dismissal of four specific claims against Dr. Avner, and we conclude that the court also properly denied the motion of the Avner third-party defendants seeking summary judgment dismissing the remaining claims against them. Even assuming, arguendo, that each set of third-party defendants met its initial burden on the motions and cross motion, we conclude that CSXT raised issues of fact by submitting the affidavit of its medical expert (see Brown v Arnot Med. Ctr., 77 AD3d 1384 [2010]; Selmensberger v Kaleida Health, 45 AD3d 1435, 1436 [2007]). "The conflicting opinions of the experts for [CSXT] and [third-party] defendant[s] with respect to causation and [third-party] defendant[s'] alleged deviation[s] from the accepted standard of medical care present credibility issues" that preclude summary judgment (Ferlito v Dara, 306 AD2d 874 [2003]). The Avner third-party defendants contend that CSXT raised new theories of liability for the first time in opposition to their motion and that the court erred in permitting them to do

so. Contrary to the contention of the Avner third-party defendants, however, CSXT did not in fact raise new theories of liability in opposition to their motion (*see Cannon v Amarante*, 19 AD3d 1144 [2005]). Contrary to the further contention of the Avner third-party defendants, they failed to establish as a matter of law that Auburn Memorial Hospital is not vicariously liable for the alleged malpractice of the Teixeira third-party defendants (*see generally Noble v Porter*, 188 AD2d 1066 [1992]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.