# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

991

CA 13-00413

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

PATRICIA FLYNN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MIKHAEL N. HADDAD, DEFENDANT-RESPONDENT.

---

ELLIOTT, STERN & CALABRESE, LLP, ROCHESTER (DAVID S. STERN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ELISE L. CASSAR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 11, 2012 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell immediately after descending the single step that led into defendant's garage. In her complaint and bill of particulars, plaintiff alleged that the premises were defective in that the garage floor was painted with a paint that created an unreasonably slippery surface.

Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. " '[I]n the absence of evidence of a negligent application of floor wax or polish [or other substance], the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence' " (*Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1276; *see Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 326-327; *see generally Murphy v Conner*, 84 NY2d 969, 971). In support of the motion, defendant submitted his deposition testimony, wherein he testified that he painted the garage floor 8 to 10 years prior to the accident with a paint that he believed gave the floor a nonslip finish. He further testified that, prior to the accident, no one ever slipped and fell on the garage floor; no one ever told him that the floor was slippery; and he did not detect that the floor was slippery. Defendant thus established as a matter of law that he did not apply the paint in a negligent manner, and plaintiff failed to raise a triable issue of fact (*see Walsh v Super Value, Inc.*, 76 AD3d 371, 374-377).

In opposition to the motion, plaintiff raised for the first time the theory that she fell due to a defect in the step, i.e., it was too high and threw off her balance. It is well settled that " '[a] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for negligence for the first time in opposition to the motion' " (*Marchetti v East Rochester Cent. Sch. Dist.*, 26 AD3d 881, 881; *see Mullaney v Royalty Props., LLC*, 81 AD3d 1312, 1313; *Rumyacheva v City of New York*, 36 AD3d 790, 790-791; *Forester v Golub Corp.*, 267 AD2d 526, 527). Plaintiff may therefore not rely on that theory to defeat defendant's entitlement to summary judgment (*see Rodriguez v Board of Educ. of the City of N.Y.*, 107 AD3d 651, 651; *Taylor v Jaslove*, 61 AD3d 743, 744-745; *Wilson v Prazza*, 306 AD2d 466, 467).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court