█ Jose Hernandez, Appellant, v BP America, Inc., et al., Defendants/Third-Party Plaintiffs-Respondents. Sprague Energy Corp., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [1 NYS3d 235]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 8, 2013, as granted that branch of the defendants/third-party

plaintiffs' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell when he stepped on a yellow line painted on the ground of premises owned by the defendants/third-party plaintiffs. It was raining when the accident occurred. The defendants/third-party plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of the condition (see Warren v Walmart Stores, Inc., 105 AD3d 732 [2013]; Mahoney v AMC Entertainment, Inc., 103 AD3d 855 [2013]; Walsh v Super Value, Inc., 76 AD3d 371 [2010]; see also Flynn v Haddad, 109 AD3d 1209 [2013]). Evidence submitted in support of the motion showed that the line had been painted about three months prior to the accident and that, prior to the accident, the plaintiff, who visited the premises two or three days a week, never found the painted line to be slippery. In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the complaint. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.