# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**35**
**CA 14-01219**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOSEPH MORREALE, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

JOSEPH FROELICH, DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MELISSA L. VINCTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (DAVID W. OLSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered February 11, 2014. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell down a set of stairs leading to the front entrance of a two-family dwelling owned by defendant. Plaintiff alleged that he was beginning to descend the stairs when he grabbed a finial that broke off from the wrought iron railing to which it had been welded, causing him to fall. In his complaint, plaintiff claimed defendant's negligent maintenance of the railing caused his fall. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and we affirm.

We agree with defendant that he met his burden of establishing that he maintained his property "in a reasonably safe condition in view of all the circumstances" (*Boderick v R.Y. Mgt. Co., Inc.*, 71 AD3d 144, 147; *see Basso v Miller*, 40 NY2d 233, 241). However, we reject defendant's contention that plaintiff failed to raise a question of fact. Rather, we conclude that the evidence submitted by plaintiff, namely his expert's opinion that the railing had been allowed to corrode over a long period of time and that the corrosion constituted a dangerous condition which caused plaintiff to fall, raised a question of fact whether defendant had, in fact, reasonably maintained his property (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject defendant's further contention that plaintiff's expert improperly relied upon photographs in forming his opinion because they

had not been "authenticated."  The record, including the date stamp on the photographs themselves as well as the testimony of defendant, his wife, and plaintiff's daughter, establishes that the photographs were taken soon after plaintiff's fall and that they depicted the railing as it appeared at that time (*cf. Santiago v Burlington Coat Factory*, 112 AD3d 514, 515; *Kozma v Biberfeld*, 264 AD2d 817, 818).

We reject defendant's final contention that he established as a matter of law that he was not negligent in allowing the railing to corrode.  " 'Violation of the Building Code constitutes some evidence of negligence' " (*Brigandi v Piechowicz*, 13 AD3d 1105, 1106; *see Thorne v Cauldwell Terrace Constr. Corp*., 63 AD3d 826, 827), and the Property Maintenance Code of New York State (PMCNYS), incorporated by reference into the Uniform Fire Prevention and Building Code (*see* 19 NYCRR 1226.1), requires property owners to coat all exterior metal surfaces with a corrosion inhibitor and to "stabilize[]" all surfaces that have already become corroded (*see* PMCNYS § 304.2).  Consequently, it will be "for a jury to decide whether defendant[] violated the Building Code and, if so, whether that violation proximately caused plaintiff's accident" (*Romanowski v Yahr*, 5 AD3d 985, 986).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court