Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 26, 2014. The order, among other things, denied plaintiffs motion for partial summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
*1491 Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained when she fell down a flight of stairs at an apartment she rented from defendant. According to plaintiff, her boot became caught on a protruding strip of metal that was attached to the lip of a step toward the top of the stairway. Having lost her balance, plaintiff reached for the handrail on the side of the stairway, but the railing came out of the wall, causing plaintiff to fall down the stairs. Following discovery, plaintiff moved for partial summary judgment on liability, contending that defendant negligently maintained the stairway. Supreme Court denied the motion, and we affirm.
As a preliminary matter, we reject plaintiffs contention that the court should have applied the doctrine of res ipsa loquitur to find that the stairway and handrail were defective as a matter of law. The doctrine of res ipsa loquitur applies where the plaintiff can establish, among other elements, that his or her injuries were caused by an “instrumentality within the exclusive control of the defendant” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]). Here, plaintiff failed to establish that defendant had exclusive control of the instrumentalities that allegedly caused her injuries, i.e., the stairway and the handrail (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]; Moore v Ortolano, 78 AD3d 1652, 1653 [2010]). In any event, as the court properly determined, plaintiff also failed to establish as a matter of law that defendant created either of the defective conditions or had actual or constructive notice of them (see generally Gaffney v Norampac Indus., Inc., 109 AD3d 1210, 1211 [2013]). Moreover, even assuming, arguendo, that plaintiff met her initial burden of proof, we conclude that the evidence submitted by defendant raises triable issues of fact sufficient to defeat plaintiffs motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Smith, J.P., Carni, Lindley and Valentino, JJ.