# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**163**

**CA 15-01266**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

LAURA SALVANIA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

UNIVERSITY OF ROCHESTER, DEFENDANT-APPELLANT.

---

THE WOLFORD LAW FIRM LLP, ROCHESTER (JAMES S. WOLFORD OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (SAREER A. FAZILI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 30, 2015. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell while trying to stand up from a chair at defendant's Strong Memorial Hospital (hospital). At the time of the incident, plaintiff was visiting a patient and was asked by an X ray technician to leave the room temporarily. Supreme Court denied in part defendant's motion for summary judgment seeking dismissal of the complaint, and we affirm. In support of its motion, defendant submitted the deposition testimony of plaintiff, who testified that "a faulty chair" caused her to fall. When asked what was faulty about the chair, plaintiff mentioned both a loose armrest on the chair and the fact that a footrest of the chair came out when she began to stand up. Defendant also submitted the deposition testimony of witnesses who observed defects in the armrest and the footrest a day or two after plaintiff's fall.

Defendant contends that plaintiff could only speculate that she fell because of a loose armrest on the chair, rather than that she fell when she merely tripped over the footrest, and that plaintiff may not rely on any allegedly defective footrest in support of her negligence cause of action because defendant did not have notice that plaintiff would be relying on such a theory, but instead had notice only of a loose armrest. We reject that contention. "It is well settled that [a] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for

negligence for the first time in opposition to the motion" (*Flynn v Haddad*, 109 AD3d 1209, 1210 [internal quotation marks omitted]; *see Cannon v Amarante*, 19 AD3d 1144, 1145).  Here, however, plaintiff was not relying on a new theory of liability for her negligence cause of action (*see Gilfus v CSX Transp., Inc.*, 79 AD3d 1671, 1672-1673).  In her complaint, plaintiff alleged that defendant was negligent in "permitting a dangerous and defective condition within said premises, namely an unsafe guest chair."  Plaintiff alleged in her second supplemental bill of particulars that the chair "was in a state of disrepair."  Although plaintiff specifically mentioned in the second supplemental bill of particulars that the accident occurred when she fell "as a result of an insecure and wobbly arm on the chair," the allegations in the complaint and second supplemental bill of particulars that the chair was defective were sufficient to encompass her theory that the chair's footrest was defective (*see Avery v Rockwell Intl. Corp.*, 204 AD2d 1044, 1044; *cf. Flynn*, 109 AD3d at 1209-1210).  In any event, even assuming, arguendo, that the defective footrest was a new theory of liability, we conclude that there was no surprise to defendant arising from plaintiff's reliance on that theory (*see DiFabio v Jordan*, 113 AD3d 1109, 1110-1111).  Defendant was well aware through the deposition testimony that the witnesses noticed a problem with the footrest, and defendant's attorney questioned them extensively about it.  Contrary to defendant's contention, we conclude that defendant did not establish as a matter of law that the cause of plaintiff's fall was speculative (*see Dixon v Superior Discounts & Custom Muffler*, 118 AD3d 1487, 1488).

Defendant also contended in support of its motion that it did not have constructive notice of the allegedly defective chair.  We reject that contention.  "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  Defendant failed to establish as a matter of law that it did not have constructive notice of the allegedly defective chair prior to plaintiff's fall.  The affidavit of defendant's employee did not establish the reasonableness of defendant's inspection practices such that defendant was entitled to judgment as a matter of law (*see Catalano v Tanner*, 23 NY3d 976, 977).  The employee was not a member of the department responsible for cleaning the patient rooms and, moreover, he stated in conclusory fashion that workers clean the rooms and inspect the chairs, and they were instructed to make a report if they noticed a problem with a chair.  Defendant therefore failed to establish that it regularly inspected the chairs and actually did so just prior to the accident.  Even if there was a general policy of inspecting chairs every time a room was cleaned, "defendant failed to submit evidence establishing that the general policy was followed on the day of plaintiff's accident" (*Johnson v Panera, LLC*, 59 AD3d 1118, 1118).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court