# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

596
CA 16-01967
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

RONALD HANSFORD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL WELLSBY AND WENDY WELLSBY,
DEFENDANTS-RESPONDENTS.

---

SPADAFORA & VERRASTRO, LLP, BUFFALO (RICHARD E. UPDEGROVE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ANDREW D. DRILLING OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), dated February 22, 2016. The order denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he fell while stepping down from a porch on property owned by defendants. The porch was approximately 13 inches off the ground, and there were two concrete blocks that were placed next to the porch to act as steps. At his deposition, plaintiff testified that, when he stepped on one of the concrete blocks, it broke and caused him to lose his balance and fall.

Supreme Court properly denied plaintiff's motion seeking summary judgment on the issues of negligence and proximate cause. "A landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to third parties, the potential seriousness of the injury and the burden of avoiding the risk" (*Boderick v R.Y. Mgt. Co., Inc.*, 71 AD3d 144, 147; *see Basso v Miller*, 40 NY2d 233, 241). To establish his entitlement to summary judgment, plaintiff had to establish as a matter of law that defendants created the defective condition or had actual or constructive notice of it (*see Del Carmen Cuque v Amin*, 125 AD3d 1490, 1491; *Sniatecki v Violet Realty, Inc.*, 98 AD3d 1316, 1318; *see also Gaffney v Norampac Indus., Inc.*, 109 AD3d 1210, 1211). In addition, plaintiff also had to establish "that the defendant's negligence was a proximate cause of the injuries. To do so, the negligence must be a substantial cause of the events which produced the injury" (*Boderick*, 71 AD3d at 147, citing *Derdiarian v Felix*

*Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, *reconsideration denied* 52 NY2d 829).

In support of the motion, plaintiff established that the stairs were in violation of the building codes, which constitutes some evidence of negligence (*see Morreale v Froelich*, 125 AD3d 1280, 1281; *Brigandi v Piechowicz*, 13 AD3d 1105, 1106).  However, although the broken block constituted a dangerous condition, plaintiff did not establish as a matter of law that defendants created that dangerous condition or had actual or constructive notice of it (*see Del Carmen Cuque*, 125 AD3d at 1491).  Furthermore, plaintiff failed to establish as a matter of law that the violation of the building codes proximately caused the accident (*see generally Morreale*, 125 AD3d at 1281-1282; *Brigandi*, 13 AD3d at 1106).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court