Faiella v Oradell Constr. Co., Inc. (2019 NY Slip Op 02851)





Faiella v Oradell Constr. Co., Inc.


2019 NY Slip Op 02851


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-04336
 (Index No. 61780/14)

[*1]Stephanie Faiella, et al., appellants,
v
Oradell Construction Company, Inc., et al., respondents (and a third-party action).


Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for appellants.
Rubin Fiorella & Friedman LLP, New York, NY (Barbara Henderson of counsel), for respondent Oradell Construction Company, Inc.
Gambeski & Frum, Elmsford, NY (William Ambrose of counsel), for respondent V & V Parking Lot Services, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 31, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Oradell Construction Company, Inc., which was for summary judgment dismissing the complaint asserted against it, and granted that branch of the cross motion of the defendant V & V Parking Lot Services, Inc., which was for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff Stephanie Faiella (hereinafter the injured plaintiff) slipped and fell on a recently painted walkway at her place of employment. The walkway was painted several days prior to her accident. The plaintiff's employer contracted with Oradell Construction Company, Inc. (hereinafter Oradell), to construct the walkway, and Oradell subcontracted the painting of the walkway to V & V Parking Lot Services, Inc. (hereinafter V & V). The walkway was first painted with an epoxy-based paint and then covered with a clear sealant.
The injured plaintiff, and her husband suing derivatively, commenced an action against Oradell, and the injured plaintiff commenced a separate action against V & V. The two actions were subsequently consolidated. Following the completion of discovery, Oradell moved, inter alia, for summary judgment dismissing the complaint asserted against it, and V & V cross-moved, inter alia, for summary judgment dismissing the complaint asserted against it. The Supreme Court granted the motion and the cross motion, and the plaintiff appeals.
A defendant may not be held liable for the application of "wax, polish, or paint to a floor . . . unless the defendant had actual, constructive, or imputed knowledge" that the product could render the floor dangerously slippery (Walsh v Super Value, Inc., 76 AD3d 371, 372; see Hernandez [*2]v BP Am., Inc., 123 AD3d 1095, 1096). Here, Oradell and V & V met their prima facie burden for summary judgment by establishing that they did not have actual, constructive, or imputed knowledge that the subject paint could render the walkway slippery (see Walsh v Super Value, Inc., 76 AD3d at 372).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). The plaintiffs' assertion, set forth in an attorney's affirmation and not supported by any expert opinion evidence, that grit should have been mixed into the paint to provide a slip-resistant walking surface, involves matter outside the ordinary experience and knowledge of laypersons and, therefore, lacked probative value (see Bistre v Rongrant Assoc., 109 AD3d 778, 779).
In light of our determination, the parties' remaining contentions are academic.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court