Hartnett v Zuchowski (2019 NY Slip Op 06934)





Hartnett v Zuchowski


2019 NY Slip Op 06934


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


857 CA 18-01732

[*1]JOSEPH HARTNETT AND MARIKA HARTNETT, PLAINTIFFS-APPELLANTS,
v
MICHAEL ZUCHOWSKI, ET AL., DEFENDANTS, HUNT REAL ESTATE CORPORATION AND BEATRICE DUNWOODIE, IN HER CAPACITY AS A REAL ESTATE AGENT FOR HUNT REAL ESTATE CORPORATION, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






JOSEPH G. MAKOWSKI, LLC, BUFFALO (JOSEPH G. MAKOWSKI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
LAW OFFICES OF STEWART H. FRIEDMAN, NEW YORK CITY (ROBERT F. HORVAT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered October 20, 2017. The order granted the motion of defendants Hunt Real Estate Corporation and Beatrice Dunwoodie for summary judgment dismissing plaintiffs' complaint and any and all cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: After Joseph Hartnett (plaintiff) tripped and fell while descending a set of stairs in front of a house owned by defendant Michael Zuchowski, plaintiffs commenced this personal injury action against, among others, Hunt Real Estate Corporation and Beatrice Dunwoodie, in her capacity as a real estate agent for Hunt Real Estate Corporation (collectively, Hunt defendants), as well as Zuchowski. Plaintiffs appeal, in appeal No. 1, from an order granting the Hunt defendants' motion for summary judgment dismissing the complaint and all cross claims against them. In appeal No. 2, plaintiffs appeal from a further order that, inter alia, denied their cross motion for partial summary judgment against Zuchowski on the issue of liability. We affirm in both appeals.
Contrary to plaintiffs' contention in appeal No. 1, the Hunt defendants, as real estate brokers "whose only connection to the property was listing it for sale and showing it to prospective buyers, met their initial burden on their motion by establishing that they did not occupy, own, or control the . . . home and did not employ it for a special use, and thus did not owe plaintiff a duty of care" (Knight v Realty USA.COM, Inc., 96 AD3d 1444, 1444 [4th Dept 2012]; see Pirie v Krasinski, 18 AD3d 848, 850 [2d Dept 2005]). Plaintiffs failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Contrary to plaintiffs' contention in appeal No. 2, Supreme Court properly denied their cross motion for partial summary judgment against Zuchowski on the issue of liability. In support of their cross motion, plaintiffs relied on, inter alia, an expert affidavit in which an architect opined that the staircase on which plaintiff fell violated several sections of the New York State Uniform Fire Prevention and Building Code (Building Code). Inasmuch as the evidence of Building Code violations "constituted only some evidence of negligence" rather than [*2]negligence per se (Elliott v City of New York, 95 NY2d 730, 735 [2001]; see Morreale v Froelich, 125 AD3d 1280, 1281 [4th Dept 2015]; cf. generally Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 489-490 [2012]), it was insufficient to meet plaintiffs' initial burden on the cross motion (see generally Alvarez, 68 NY2d at 324), which the court thus properly denied (see Hansford v Wellsby, 149 AD3d 1603, 1603-1604 [4th Dept 2017]).
Even assuming, arguendo, that plaintiffs met their initial burden on the cross motion, we note that the evidence Zuchowski submitted in opposition to the cross motion included the affidavit of an expert indicating that the stairs were not in violation of the Building Code and that the version of that code on which plaintiffs' expert relied did not apply. Thus it will be "for a jury to decide whether [Zuchowski] violated the Building Code and, if so, whether that violation proximately caused plaintiff's accident" (Romanowski v Yahr, 5 AD3d 985, 986 [4th Dept 2004]; see Morreale, 125 AD3d at 1281-1282). In addition, Zuchowski submitted evidence raising a triable issue of fact whether the defect is trivial (see generally Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 80-82 [2015]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court