Arghittu-Atmekjian v TJX Cos., Inc. (2021 NY Slip Op 02689)





Arghittu-Atmekjian v TJX Cos., Inc.


2021 NY Slip Op 02689


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


963 CA 20-00504

[*1]JOSEPHINE ARGHITTU-ATMEKJIAN, PLAINTIFF-APPELLANT,
T
v
HE TJX COMPANIES, INC., DEFENDANT-RESPONDENT. 






DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT. 
MCANDREW, CONBOY & PRISCO, MELVILLE (MARY C. AZZARETTO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered December 10, 2019. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendant had constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped on water inside a store owned by defendant. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff appeals.
Preliminarily, we note that, " 'by briefing the issue of constructive notice only, [plaintiff has] abandoned any claims that defendant[] had actual notice of or created the dangerous condition' " (Miller v Kendall, 164 AD3d 1610, 1611 [4th Dept 2018]). We agree with plaintiff that the court erred in granting the motion with respect to the claim that defendant had constructive notice of the allegedly dangerous condition, and we therefore modify the order accordingly. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). A "defendant cannot satisfy its burden merely by pointing out gaps in the plaintiff's case, and instead must submit evidence concerning when the area was last cleaned and inspected prior to the accident" (Lewis v Carrols LLC, 158 AD3d 1055, 1056 [4th Dept 2018] [internal quotation marks omitted]). While defendant submitted evidence that it hired a contractor who was generally expected to clean up any hazards, such as water on the floor, it did not submit evidence establishing when the area of plaintiff's fall was last inspected (see Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]; Salvania v University of Rochester, 137 AD3d 1607, 1609 [4th Dept 2016]; Johnson v Panera, LLC, 59 AD3d 1118, 1118 [4th Dept 2009]). As a result, " '[a] triable issue of fact exists as to when the [area of plaintiff's fall] was last inspected in relation to the accident and, thus, whether the alleged hazardous condition . . . existed for a sufficient length of time prior to the incident to permit . . . defendant to remedy that condition' " (Lewis, 158 AD3d at 1057). Furthermore, "[t]he fact that plaintiff did not notice water on the floor before [s]he fell does not establish defendant['s] entitlement to judgment as a matter of law on the issue whether that condition was visible and apparent" (id. [internal quotation marks omitted]; see Farrauto, 143 AD3d at 1293; Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469-1470 [4th Dept 2013]). The failure of defendant to meet its initial burden on the motion regarding the issues related to constructive notice requires denial of the motion,
" 'regardless of the sufficiency of the opposing papers' " (Ferguson v County of Niagara, 49 AD3d 1313, 1314 [4th Dept 2008]).
Defendant also failed to meet its burden on its alternative ground for dismissal, which was based on a storm in progress theory. Plaintiff did not "expressly state that it was snowing at the time [s]he entered the [store], and thus it cannot be said that defendant established as a matter of law, based on that deposition testimony, that there was a storm in progress" (Helms v Regal Cinemas, Inc., 49 AD3d 1287, 1288 [4th Dept 2008]; see also Smith v United Ref. Co. of Pennsylvania, 148 AD3d 1733, 1734 [4th Dept 2017]). In any event, even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact sufficient to defeat that part of defendant's motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiff submitted a record of the weather showing that there was only a trace amount of snowfall in the area of the store on the day in question (see Helms, 49 AD3d at 1288). We thus conclude on the record before us that there is an issue of fact whether there was a snowstorm in progress when plaintiff entered the store (see id.).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court