Brioso v City of Buffalo (2022 NY Slip Op 06380)

Brioso v City of Buffalo

2022 NY Slip Op 06380

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, AND WINSLOW, JJ.

810 CA 21-01698

[*1]RAQUEL BRIOSO, PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO, ERIE CANAL HARBOR DEVELOPMENT CORP., LECHASE CONSTRUCTION SERVICES, LLC, PINTO CONSTRUCTION SERVICES, INC., AND BE OUR GUEST, LTD., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

HAGERTY & BRADY, BUFFALO (DANIEL J. BRADY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
NASH CONNORS, P.C., BUFFALO (BETHANY RUBIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ERIE CANAL HARBOR DEVELOPMENT CORP., LECHASE CONSTRUCTION SERVICES, LLC, AND BE OUR GUEST, LTD. 
BARCLAY DAMON LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR DEFENDANT-RESPONDENT PINTO CONSTRUCTION SERVICES, INC. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 27, 2021. The order, among other things, denied plaintiff's motion for partial summary judgment and granted defendant Pinto Construction Services, Inc.'s cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion of defendant Pinto Construction Services, Inc. in part and reinstating the complaint against that defendant insofar as the complaint, as amplified by the bill of particulars, alleges that defendant Pinto Construction Services, Inc. created and had constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action to recover damages for injuries she sustained when she tripped and fell over a construction sign that was lying on a sidewalk across from a museum where construction was taking place. Plaintiff appeals from an order that, inter alia, denied her motion seeking partial summary judgment on the issue of liability against defendants City of Buffalo (City), Erie Canal Harbor Development Corp. (ECHDC), LeChase Construction Services, LLC (LeChase), and Pinto Construction Services, Inc. (Pinto) and dismissing the affirmative defense of comparative negligence raised by all defendants in their answers, and granted Pinto's cross motion seeking, inter alia, summary judgment dismissing the complaint as against it.
Contrary to plaintiff's contention, we conclude that Supreme Court properly denied her motion insofar as it sought summary judgment on the issue of liability against the City, ECHDC, LeChase, and Pinto. Plaintiff failed to establish as a matter of law that those defendants either created or had actual or constructive notice of the construction sign over which she tripped (see generally Hansford v Wellsby, 149 AD3d 1603, 1603 [4th Dept 2017]; Del Carmen Cuque v Amin, 125 AD3d 1490, 1491 [4th Dept 2015]; Dapp v Larson, 240 AD2d 918, 918 [3d Dept 1997]). We also reject plaintiff's contention that the court erred in denying her motion with respect to the affirmative defense of comparative negligence. Plaintiff failed to meet her initial burden on her motion of establishing "a total absence of comparative negligence as a matter of [*2]law" (Dasher v Wegmans Food Mkts., 305 AD2d 1019, 1019 [4th Dept 2003]; see Reichmuth v Family Video Movie Club, Inc., 201 AD3d 1348, 1349 [4th Dept 2022]).
We agree with plaintiff, however, that the court erred in granting those parts of Pinto's cross motion seeking summary judgment dismissing the complaint against it insofar as the complaint, as amplified by the bill of particulars, alleges that it had constructive notice of the allegedly dangerous condition and that it created that condition, and we therefore modify the order accordingly. "To constitute constructive notice, a [dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395-1396 [4th Dept 2021]; Salvania v University of Rochester, 137 AD3d 1607, 1609 [4th Dept 2016]). Here, Pinto failed to meet its initial burden on its cross motion with respect to constructive notice because its submissions "failed to establish as a matter of law that the [dangerous] condition [was] not visible and apparent or that [it] had not existed for a sufficient length of time before the accident to permit [Pinto] or [its] employees to discover and remedy [it]" (Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1401 [4th Dept 2018] [internal quotation marks omitted]; see St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503 [4th Dept 2016]). Testimony from Pinto's superintendent that Pinto had a general policy of taking down and storing its construction signs at the end of each workday was insufficient to establish that Pinto lacked constructive notice of the dangerous condition because Pinto failed to establish that it had complied with that general policy prior to the occurrence of the incident in question (see Arghittu-Atmekjian, 193 AD3d at 1396; Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]; Salvania, 137 AD3d at 1609).
Pinto also failed to establish as a matter of law that it did not create the allegedly dangerous condition because its own submissions raise triable issues of fact with respect to that issue (see Britt v Northern Dev. II, 199 AD3d 1434, 1436 [4th Dept 2021]). There is no dispute that Pinto's submissions established that the sign plaintiff tripped over belonged to Pinto. Although the deposition testimony from Pinto's superintendent established that, at the time of the accident, Pinto had not been present at the work site for about a week, he did not know how the sign ended up on the ground or how long it had been there, and he only speculated that the sign may have been used by another contractor who failed to properly put it away. Viewed in the light most favorable to plaintiff (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011], rearg denied 19 NY3d 856 [2012]), the aforementioned evidence raises questions of fact whether Pinto was responsible for the sign's presence on the sidewalk. Because Pinto failed to meet its initial burden on the cross motion with respect to constructive notice and the creation of the dangerous condition, the burden never shifted to plaintiff with respect to those issues, and denial of the cross motion with respect to those issues "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court