## Matter of Kisslev Assets LLC v Niblack

2025 NY Slip Op 31689(U)

May 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 528473/23

Judge: Lisa Lewis

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 20 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 9th day of May, 2025.

P R E S E N T :

HON. LISA LEWIS,

                                Justice.
-----------------------------------------------------------------------X
In the Matter of the Application of
KISSLEV ASSETS LLC.,

                                Petitioner,

For a Judgment under Article 78 of
the Civil Practice Law and Rules

          -against-                                   Index No. 528473/23

PRESTON NIBLACK, in his capacity as THE
COMMISSIONER OF FINANCE OF THE
CITY OF NEW YORK, and CITY OF NEW YORK,

                                Respondents.
-----------------------------------------------------------------------X
The following e-filed papers read herein:                    NYSCEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____        2, 1
Opposing Affidavits (Affirmations) Respondents' Answer          24
Affidavits/ Affirmations in Reply _____        35

Upon the foregoing papers, petitioner Kisslev Assets LLC seeks a judgment, pursuant to CPLR article 78, (1) vacating and reversing the June 6, 2023 final administrative determinations of the New York City Department of Finance (DOF) that denied petitioner's request to reclassify its properties from Building Class V1 (Zoned Commercial or Manhattan Residential) and Tax Class 4 (commercial) to Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential) from Fiscal Year

[* 1]

(FY) 2017 (July 1, 2016 to June 30, 2017) to FY 2024 (July 1, 2023 to June 30, 2024), and (2) recalculating the assessment and real estate taxes accordingly.

Petitioner is the owner of two vacant properties located at 2994 and 2998 Fulton Street in Brooklyn. According to the petition, the properties are zoned primarily residential in Kings County, and thus should have been classified pursuant to Real Property Tax Law (RPTL) § 1802 (1) (d) as Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential), the DOF incorrectly classified the properties as Building Class V1 (Zoned Commercial or Manhattan Residential) and Tax Class 4 (commercial). On December 6, 2021, petitioner submitted to the DOF a "CLERICAL ERROR OR ERROR IN DESCRIPTION FORM" for each property, wherein it requested that the DOF correct the alleged errors in the building and tax classifications of the properties.

On June 6, 2023, the DOF issued determinations with respect to each application. In denying the applications, the DOF stated "that the issue in your application is not due to a clerical error or an error in description, and therefore no action has been taken."

The instant Article 78 petition ensued.

In an Article 78 proceeding, the court's review of an agency determination that was not made after a quasi-judicial hearing is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR § 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d

2

[* 2]

668, 670 [2d Dept 2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2d Dept 2005]).  In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action "where it is 'taken without sound basis in reason' or 'regard to the facts'" (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]).

Under Administrative Code [AC] § 11-206, the DOF is authorized to correct any assessment or tax which is erroneous due to a "clerical error" or to an "error of description" contained in the several books of annual record of assessed valuations, or in the assessments-rolls, and if the taxes computed on such erroneous assessment have been paid, the DOF is authorized to refund or credit the difference between the taxes computed on the erroneous and corrected assessments.  Under RPTL § 1802 (1) (d), New York City properties classified as Tax Class 1 include one, two and three-family homes as well as vacant land outside of Manhattan located in a residential zone.

Petitioner maintains that since the subject vacant properties are located in a residential zone outside of Manhattan, the DOF acted arbitrarily and capriciously in failing to classify the subject properties as Building Class V0 and Tax Class 1 residential properties and in denying petitioner's application, made pursuant to AC § 11-206 and RCNY § 53 et seq., on the grounds that the alleged error did not qualify as a "clerical error" or "error in description" under this statute and rule.  In their answer and opposition

3

[* 3]

papers, respondents primarily contend that the misclassification alleged is beyond the scope of review under AC § 11-206 and rather must be addressed in a tax certiorari proceeding under Article 7 of the RPTL, and that petitioner waived its right to challenge the assessment for FY 2017 by entering into a prior settlement agreement with the Tax Commission reducing this assessment. Respondents also assert that vacant parcels with a commercial overlay (covering at least 50% of the parcel), such as petitioner's properties, are categorized under the New York City Department of City Planning's Zoning Handbook as "not zoned residential" within the meaning of RPTL 1802.

The law is now settled in the Second Department that "vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay" and that a misclassification of such vacant land constitutes a "clerical error or error of description" (19 RCNY former 53-02 [b] [10]) which is properly challenged by the owner through an application under AC § 11-206 and is reviewable in a subsequent Article 78 proceeding should such application be denied (*Matter of Richmond SI Owner, LLC v Soliman*, 235 AD3d 985 [2d Dept 2025]; *Matter of One Liberty Sq., LLC v Niblack*, 235 AD3d 283 [2d Dept 2025]; *Matter of Jomaniam, LLC v Niblack*, 235 AD3d 278 [2d Dept 2025]; *Matter of Adimoolam v Niblack*, 235 AD3d 972 [2d Dept 2025]; *Matter of AAU Targee Rhine Realty, LLC v Niblack*, 235 AD3d 970 [2d Dept 2025]; *Matter of 232 Smith St., LLC v Soliman*, 235 AD3d 967 [2d Dept 2025]; *Matter of 1425 Fulton Dev., LLC v Soliman*, 235 AD3d 965 [2d Dept 2025]; *Matter of 1389 BBB, L.P. v Commissioner of Fin. of City of N.Y.*, 235 AD3d 962 [2d Dept 2025]; *Matter of 136-21 Hillside Ave., LLC v Niblack*,

4

[* 4]

235 AD3d 961 [2d Dept 2025]; *Matter of Block 3738 Constr. Corp. v Niblack*, 234 AD3d 955 [2d Dept 2025]).

With respect to respondents' argument that petitioner is barred by the settlement agreement with the Tax Commission from seeking any judicial review of the tax assessment for FY 2017, it is well settled that "judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (*Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d 831, 832 [2d Dept 2010] [citations omitted]). "Moreover, '[i]f the grounds relied upon by the agency are inadequate or improper, a reviewing court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis'" (*id.*, quoting *Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 498 [2d Dept 2004] [internal quotation marks omitted]; *see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]).

In its June 6, 2023 determinations, the DOF made no mention of the settlement agreement as a ground for denial, but rather that the "issue in [petitioner's] application is not due to a clerical error or an error in description, and therefore no action has been taken." Because the DOF did not raise the settlement agreement as a ground for denial of petitioner's applications, the court may not consider this ground in its Article 78 review.

The Appellate Division, First Department cases cited by respondents in their answer, memorandum in opposition and letter to the court, *Matter of 174th TIC Owner LLC v Niblack* (231 AD3d 401 [1st Dept 2024]) and *Matter of Oversight Mgt. Servs., LLC v Soliman* (220 AD3d 445 [1st Dept 2023], *lv denied* 41 NY3d 910 [2024]), do not

5

[* 5]

necessitate a different result since those decisions do not address whether the DOF raised the settlement agreement issue in its underlying determinations. In this matter, any consideration by this court of the DOF's settlement agreement argument, raised for the first time in the instant Article 78 proceeding, would run counter to established principles of administrative law annunciated by the Court of Appeals and the Second Department.

The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.

Accordingly, it is hereby

**ORDERED** and ADJUDGED that the instant Article 78 petition is granted; and it is further

**ORDERED** that the DOF's June 6, 2023 determinations with respect to the subject properties are hereby vacated; and it is further

**ORDERED** that petitioner's application for tax reassessment and reclassification is hereby granted; and it is further

**ORDERED** that the subject properties known as 2994 Fulton Street, Brooklyn, NY (Block 3955, Lot 21) and 2998 Fulton Street, Brooklyn, NY (Block 3955, Lot 23) be assessed and classified as Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential) so long as they remain vacant properties; and it is further

**ORDERED** that the DOF shall correct the clerical error and error of description with respect to the subject properties to reflect said reassessment and reclassification for FY 2017 (July 1, 2016 to June 30, 2017) to FY 2024 (July 1, 2023 to June 30, 2024); and

6

[* 6]

refund or credit the difference between the taxes computed on the erroneous and corrected assessments.

The forgoing constitutes the decision, order and judgment of the court.

ENTER,

J. S. C.

7

[* 7]