# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**145**
**CA 10-01526**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

JAN MULLANEY, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROYALTY PROPERTIES, LLC, DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM & COPPOLA, LLC, BUFFALO, GANNON, ROSENFARB & MOSKOWITZ, NEW YORK CITY (LISA L. GOKHULSINGH OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (JEFFREY C. SENDZIAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 19, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on black ice in the parking lot of the apartment complex owned by defendant. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. Defendant met its initial burden of establishing as a matter of law that it lacked constructive notice of the icy condition by submitting plaintiff's deposition testimony that the black ice was not visible (*see Pugliese v Utica Natl. Ins. Group*, 295 AD2d 992; *Wright v Rite-Aid of NY*, 249 AD2d 931). In opposition to the motion, plaintiff failed to raise a triable issue of fact inasmuch as he failed to submit evidence establishing that the ice was visible and apparent and that a reasonable inspection by defendant would have led to discovery thereof (*see Quinn v Holiday Health & Fitness Ctrs., N.Y., Inc.*, 15 AD3d 857; *cf. Pugliese*, 295 AD2d 992; *Wright*, 249 AD2d 931).

Plaintiff failed to allege that defendant created the icy condition, and thus he is not entitled to rely upon that theory to defeat the motion (*see Marchetti v East Rochester Cent. School Dist.*, 26 AD3d 881), and he has abandoned any issue with respect to actual notice by failing to raise any such issue on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984). In view of our determination, we need

not address defendant's remaining contention.