# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**652**

**CA 10-02135**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

JASON PHILLIPS AND MARY BETH PHILLIPS,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

HENRY B'S, INC., HENRY B. TURRI, INC.,
STEPHEN W. TURRI, INDIVIDUALLY AND AS OWNER
OF HENRY B'S, INC., HENRY B. TURRI, INC.,
DEFENDANTS-RESPONDENTS,
AND JON W. BUCHWALD, INDIVIDUALLY AND AS OWNER
OF PROPERTY AT 86 FALL STREET,
DEFENDANT-APPELLANT.

---

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (MAUREEN G. FATCHERIC OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAMS & RUDDEROW, PLLC, SYRACUSE (MICHELLE ELLSWORTH RUDDEROW OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered July 27, 2010 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Jon W. Buchwald, individually and as owner of property at 86 Fall Street, for summary judgment dismissing the complaint and all cross claims against him.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Jon W. Buchwald, individually and as owner of property at 86 Fall Street, except to the extent that the complaint, as amplified by the bill of particulars, alleges that he had actual or constructive notice of a recurring dangerous condition that contributed to plaintiff's accident and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Jason Phillips (plaintiff) when, during the course of his employment as a mail carrier, he slipped and fell on a patch of black ice in a parking lot located behind the buildings at 84 and 86 Fall Street in the Village of Seneca Falls. Jon W. Buchwald, individually and as owner of property at 86 Fall Street (defendant), moved for summary judgment dismissing the complaint against him on the grounds that the accident did not occur on his property and that he did not create or have actual or

constructive notice of the ice upon which plaintiff slipped. Supreme Court denied the motion in its entirety. We agree with defendant that the court erred in denying that part of his motion seeking summary judgment dismissing the complaint against him insofar as it alleges, as amplified by the bill of particulars, that he had actual or constructive notice of the icy condition in the parking lot. We therefore modify the order accordingly. Defendant met his initial burden of demonstrating that he had neither actual notice of the icy condition in question nor constructive notice thereof, inasmuch as the black ice was not "visible and apparent" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see Carpenter v J. Giadino, LLC*, 81 AD3d 1231, 1232-1233; *Mullaney v Royalty Props., LLC*, 81 AD3d 1312). Plaintiffs failed to raise a triable issue of fact in opposition to that part of the motion (*cf. Pugliese v Utica Natl. Ins. Group*, 295 AD2d 992; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject defendant's contention, however, that the court erred in denying that part of the motion seeking summary judgment dismissing the complaint against him insofar as it alleges, as amplified by the bill of particulars, that he had actual or constructive notice of a recurring dangerous condition on his property that may have contributed to the accident. "[A] plaintiff is not required to prove that the defendant[] knew or should have known of the existence of a particular defect where [he or she] had actual notice of a recurrent dangerous condition in that location" (*Hale v Wilmorite, Inc.*, 35 AD3d 1251, 1251-1252). Defendant failed to meet his initial burden with respect to the existence of such a condition because his own submissions demonstrated that there was " 'an ongoing and recurring dangerous condition . . . in the area of the accident [that he] routinely left unaddressed' " (*Knight v Sawyer*, 306 AD2d 849, 849; *see Anderson v Great E. Mall, L.P.*, 74 AD3d 1760, 1761). Indeed, defendant submitted evidence that he failed to replace a gutter downspout on his building that had been removed 10 years before the accident and that, as a result, water routinely drained from a hole in the gutter, traveled down stairs that sloped toward the parking lot, and then drained into the area where plaintiff fell.

Defendant further contends that the court should have denied the motion in its entirety because plaintiff's fall did not occur on his property. We reject that contention. The collective deposition testimony of the various eyewitnesses to the accident placed the location of plaintiff's fall approximately on the border between defendant's property and that owned by defendant Stephen W. Turri, individually and as owner of Henry B's, Inc. In any event, even assuming, arguendo, that plaintiff was on Turri's property when he fell, defendant may be held liable in the event that the dangerous condition on his property caused or contributed to the accident (*see Orr v Spring*, 288 AD2d 663, 665; *Hennessy v Palmer Video*, 237 AD2d 571).

Entered:  June 17, 2011                         Patricia L. Morgan
                                                Clerk of the Court