# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1303
CA 14-00991
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

REGINA HONER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KELLY MCCOMB, DEFENDANT-RESPONDENT,
COUNTY OF MONROE, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (HOWARD A. STARK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARTIN J. ZUFFRANIERI, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered February 20, 2014. The order, inter alia, denied in part the motion of defendant County of Monroe for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action, defendant County of Monroe (County) appeals from an order which, inter alia, denied that part of its motion for summary judgment dismissing the complaint as against it. We affirm. On May 3, 2006, a vehicle owned by defendant Kelly McComb and driven by defendant John Doe struck a parking sign located on a sidewalk adjacent to a city street. The post and attached sign detached from the base in which the post had been secured and launched into the air, striking plaintiff, a pedestrian standing on the sidewalk. The sign and post struck plaintiff in the back, causing her to sustain a catastrophic spinal injury.

Pursuant to an agreement with defendant City of Rochester (City), the County was responsible for the City's traffic engineering services, including maintenance of the parking sign that struck plaintiff. In October 1999, the County had reinstalled the parking sign, after it was reported to be "bent over," by attaching the sign to a 10-foot channel post with bolts and attaching that to a 4-foot channel base post, leaving approximately one foot of the base post visible above the ground. Once reinstalled, the parking sign remained in place until the date of the subject accident.

Plaintiff commenced this action against, inter alia, the County, alleging a single cause of action for negligence against the County.

Plaintiff alleged in her complaint, as amplified by her bill of particulars, that the County, pursuant to its agreement with the City, had a duty to exercise due care in, inter alia, using proper materials for the sign and its installation, and in placing the sign post at a proper depth in the ground and at a proper distance from the roadway, and that the County breached that duty, thereby proximately causing plaintiff's injuries.

Initially, we agree with the County that, in discussing the standard for negligence, Supreme Court erroneously cited *Kimbar v Estis* (1 NY2d 399), which makes reference to the now-abrogated doctrine of contributory negligence (*see* CPLR 1411). We conclude, however, that inasmuch as that doctrine and the modern doctrine of comparative fault are inapplicable to this case, and because the court otherwise applied the proper standard for negligence, the error is of no legal consequence.

We reject the County's contention that it does not owe a duty of care to plaintiff. "The existence and scope of a duty of care is a question of law for the courts entailing the consideration of relevant policy factors" (*Church v Callanan Indus.*, 99 NY2d 104, 110-111). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138). An exception applies where the contracting party has " 'entirely displaced the other party's duty to maintain the premises safely' " (*id*. at 140). Here, we conclude that the County's duty to plaintiff arose from its comprehensive agreement with the City inasmuch as, pursuant to that agreement, the County has entirely displaced the City in fulfilling the City's duty to be responsible for traffic signs (*see Church*, 99 NY2d at 112; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588). Specifically, the County had a duty to properly reinstall the sign in October 1999, including using proper materials, installing the sign's post at the appropriate depth in the ground on a proper base, and placing the sign at the required distance from the roadway. Moreover, that duty "extend[ed] to noncontracting individuals[, such as nearby pedestrians,] reasonably within the zone and contemplation of the intended [traffic engineering] services" encompassed by the County's agreement with the City (*Palka*, 83 NY2d at 589).

We also reject the County's contention that even assuming, arguendo, it was negligent, its negligence was not a proximate cause of plaintiff's injuries. "[I]t is well settled that there may be more than one proximate cause of [an] accident" (*Przesiek v State of New York*, 118 AD3d 1326, 1327). Although we agree with the County that it met its initial burden for summary judgment on the issue of proximate cause by submitting an expert's affidavit, we nevertheless conclude that plaintiff's own expert raised an issue of fact (*see Newton v Gross*, 213 AD2d 1074, 1074-1075). Plaintiff's expert opined in his opposing affidavit that the County improperly installed a breakaway signpost and that the accident would not have occurred but for that improper installation. Plaintiff's expert also opined that the

County's negligence in installing the sign was a substantial factor in causing plaintiff's injuries.  Specifically, he opined that, had the sign been properly placed, it would not have struck plaintiff because its placement one foot above the ground created a risk that the sign would become a high-flying projectile if hit, rather than bending or projecting closer to the ground.  We conclude that the court properly denied the County's motion because the submission of conflicting expert opinions "present[ed] issues of credibility to be determined by the trier of fact" (*Newton*, 213 AD2d at 1074-1075; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Finally, we reject the County's contention that the court did not address its entitlement to summary judgment against McComb on the issue of liability.  The court specifically held that "[t]he County . . . [is] entitled to summary judgment in regard to McComb."  McComb had stipulated to her ownership of the vehicle involved and agreed that she is liable to plaintiff as a result of Doe's negligence in operating the vehicle, i.e., for Doe's apportionment of fault.  That stipulation did not purport to render McComb completely liable so as to entitle the County to summary judgment dismissing the complaint as against it (*see Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court