# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

353
CA 16-01570
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

DOLORES A. DEPCZYNSKI, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES MERMIGAS AND LYNDA MERMIGAS,
DEFENDANTS-APPELLANTS.

---

LAW OFFICES OF JOHN TROP, ROCHESTER (TIFFANY D'ANGELO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (E.
Jeannette Ogden, J.), entered June 23, 2016. The order denied
defendants' motion for summary judgment dismissing plaintiff's
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when she tripped and fell on property owned by
defendants. Defendants moved for summary judgment dismissing the
complaint, contending that they neither created the dangerous
condition nor had actual or constructive notice of it. In opposing
the motion, plaintiff submitted no evidence but, rather, contended
that defendants had failed to meet their initial burden of proof (*see
generally Zuckerman v City of New York*, 49 NY2d 557, 562). We
conclude that Supreme Court properly denied defendant's motion, but
our reasoning differs from that of the court.

It is well settled that defendants seeking summary judgment
dismissing a complaint in a premises liability case have the
" 'initial burden of establishing that [they] did not create the
[allegedly] dangerous condition that caused plaintiff to fall and did
not have actual or constructive notice thereof' " (*Ferguson v County
of Niagara*, 49 AD3d 1313, 1314; *see Seferagic v Hannaford Bros. Co.*,
115 AD3d 1230, 1230-1231). We note at the outset that defendants have
"abandoned any issue with respect to actual notice by failing to raise
any such issue on appeal" (*Mullaney v Royalty Props., LLC*, 81 AD3d
1312, 1313; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984,
984). With respect to the remaining grounds for premises liability,
we conclude that defendants failed to meet their initial burden.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[s] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, the evidence submitted by defendants established that the condition was visible and apparent to at least one person and that the condition had existed for a sufficient length of time for defendants to have discovered and remedied it.

Defendants contend that the court erred in considering a theory of recovery that defendants assert was not pleaded in the complaint, as amplified by the bill of particulars (*see generally Stewart v Dunkleman*, 128 AD3d 1338, 1341, *lv denied* 26 NY3d 902). In her complaint, plaintiff alleged that she fell after she stepped in a hole in the ground that was covered by grass, and that defendants knew or should have known that the dangerous condition existed on their property. In her bill of particulars, plaintiff alleged, inter alia, that defendants were negligent "in creating the subject hole." In opposition to defendants' motion and on appeal, plaintiff contends, inter alia, that defendants created the hole "by allowing water to run off from the gutter in the back of [the] home toward the creek and thus creating a small ditch that ultimately became a tripping hazard." In determining that defendants were not entitled to summary judgment, the court rejected defendants' contention that it could not consider that theory of recovery. Even assuming, arguendo, that plaintiff's opposition to the motion set forth a theory of recovery that was "not readily discernible from the allegations in the complaint and the original bill of particulars" (*Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.*, 309 AD2d 846, 846), we nevertheless conclude that defendants' motion was properly denied inasmuch as defendants failed to establish as a matter of law that they did not create the allegedly dangerous condition or that they lacked constructive notice of it.

Moreover, while we agree with defendants that the court erred in imposing a duty to inspect the property where, as here, there was nothing to arouse defendants' suspicions (*see Anderson v Justice*, 96 AD3d 1446, 1447-1448), that error does not affect our determination that there are triable issues of fact precluding summary judgment.

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court