Stillman v Mobile Mtn., Inc. (2018 NY Slip Op 04149)





Stillman v Mobile Mtn., Inc.


2018 NY Slip Op 04149


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, AND TROUTMAN, JJ.


543 CA 17-01915

[*1]JACOB STILLMAN, PLAINTIFF-RESPONDENT,
v
MOBILE MOUNTAIN, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered March 28, 2017. The order, insofar as appealed from, denied that part of the motion of defendant Mobile Mountain, Inc., seeking summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from an artificial rock climbing wall amusement attraction owned and operated by Mobile Mountain, Inc. (defendant) at the Eden Corn Festival. Insofar as relevant to this appeal, defendant moved for summary judgment dismissing the complaint against it on the grounds that the action is barred by the doctrine of assumption of the risk and, in the alternative, that it lacked constructive notice of any alleged defective condition causing the accident and injuries. Supreme Court denied that part of the motion, and we affirm.
The climbing wall amusement attraction included a safety harness worn by the patron and a belay cable system that attached to the harness by use of a carabiner. There is no dispute that the carabiner detached from the safety harness worn by plaintiff, and that plaintiff fell approximately 18 feet to the ground below.
The doctrine of assumption of the risk operates "as a defense to tort recovery in cases involving certain types of athletic or recreational activities" (Custodi v Town of Amherst, 20 NY3d 83, 87 [2012]). A person who engages in such an activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]). However, "participants are not deemed to have assumed risks resulting from the reckless or intentional conduct of others, or risks that are concealed or unreasonably enhanced" (Custodi, 20 NY3d at 88). Here, we conclude that the court properly denied that part of defendant's motion based on assumption of the risk inasmuch as it failed to meet its initial burden of establishing that the risk of falling from the climbing wall is a risk inherent in the use and enjoyment thereof (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Defendant further contends that the court erred in denying that part of its motion based on lack of constructive notice of any alleged defective condition in the carabiner or the climbing wall. We reject that contention. Defendant casts the alleged defective condition as a dangerous condition on the property giving rise to premises liability (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]), and it thereafter attempts to establish its lack of liability based upon its lack of constructive notice of that condition (see generally Depczynski v Mermigas, 149 AD3d 1511, 1511-1512 [4th Dept 2017]). Even [*2]assuming, arguendo, that the alleged defective condition constitutes a "dangerous condition on property" (Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103 [4th Dept 2006] [internal quotation marks omitted]), we conclude that defendant failed to establish either its own level of legal interest in the premises or its rights and obligations associated therewith. Indeed, the record is devoid of evidence regarding who owned the real property where the festival was held. Further, although defendant's president testified at his deposition that defendant had a "contract" to operate the climbing wall at the festival, defendant failed to submit a copy of that contract or to otherwise establish the terms of or the identity of any other party to the alleged contract. We therefore conclude that defendant failed to meet its burden on that part of its motion based on premises liability (see generally Alvarez, 68 NY2d at 324).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court