Taylor v Kwik Fill - Red Apple (2020 NY Slip Op 01992)





Taylor v Kwik Fill - Red Apple


2020 NY Slip Op 01992


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


244 CA 19-00826

[*1]AMANDA TAYLOR, PLAINTIFF-RESPONDENT,
v
KWIK FILL - RED APPLE A DIVISION AND WHOLLY OWNED SUBSIDIARY OF UNITED REFINING COMPANY, DEFENDANT-APPELLANT. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF JON LOUIS WILSON, LOCKPORT (JON LOUIS WILSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 1, 2019. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she sustained when she fell in a snowy parking lot in the Village of Medina. Defendant moved for summary judgment dismissing the complaint, contending that it had no duty to clear ice and snow from the lot because there was a storm in progress at the time of the fall. Defendant's evidentiary submissions included the affidavit of a meteorologist, who opined within a reasonable degree of professional certainty that it was snowing in Medina at the time of the fall. The data on which the meteorologist relied included weather records from Buffalo, Rochester, and Niagara Falls, and observations made in Lyndonville, Albion, and Lockport, but defendant's meteorologist did not rely on records from or observations made in Medina. In opposition, plaintiff submitted the affidavit of a different meteorologist, who opined that based on the available data there was no way to state within a reasonable degree of professional certainty that it was snowing in Medina at the time of the fall.
Contrary to defendant's contention, we conclude that Supreme Court properly denied the motion. Defendant failed to meet its initial burden of establishing that there was a storm in progress at the time of the fall (see Govenettio v Dolgencorp of N.Y., Inc., 175 AD3d 1805, 1806 [4th Dept 2019]; Casey-Bernstein v Leach & Powers, LLC, 170 AD3d 651, 652 [2d Dept 2019]), particularly because the opinion of defendant's meteorologist has "no evidentiary support in the record" (Wrobel v Tops Mkts., LLC, 155 AD3d 1591, 1592 [4th Dept 2017] [internal quotation marks omitted]). Furthermore, defendant failed to meet its initial burden of establishing that it lacked actual or constructive notice of the dangerous condition (see Dolinar v Kaleida Health, 155 AD3d 1576, 1577 [4th Dept 2017]; Depczynski v Mermigas, 149 AD3d 1511, 1512 [4th Dept 2017]). Because defendant failed to meet its initial burden, the court properly denied the motion regardless of the sufficiency of plaintiff's opposing submissions (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court