Danielak v State of New York (2020 NY Slip Op 04019)





Danielak v State of New York


2020 NY Slip Op 04019


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


156 CA 19-01508

[*1]DANEN D. DANIELAK, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 124855.) 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered May 9, 2019. The order granted defendant's motion for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries that she allegedly sustained when she slipped and fell on ice on a sidewalk on the campus of SUNY Brockport. Claimant appeals from an order that granted defendant's motion for summary judgment dismissing the claim. We affirm.
It is well settled that " [a] property owner is not liable for an alleged hazard on [its] property involving snow or ice unless [it] created the defect, or had actual or constructive notice of its existence' " (Sweeney v Lopez, 16 AD3d 1174, 1175 [4th Dept 2005]; see generally Groth v BJ's Wholesale Club, Inc., 59 AD3d 1086, 1086 [4th Dept 2009]). Thus, to the extent that claimant contends that defendant was required to apply a de-icing compound to the sidewalk prior to the time the icy condition existed in anticipation of freezing temperatures, we reject that contention (see generally Glover v Botsford, 109 AD3d 1182, 1184 [4th Dept 2013]; Yen Hsia v City of New York, 295 AD2d 565, 566 [2d Dept 2002]).
Contrary to the further contention of claimant, the Court of Claims properly determined that defendant is entitled to summary judgment insofar as claimant's claim is premised upon the theory that defendant created the dangerous condition on the subject sidewalk (see Elizee v Village of Amityville, 172 AD3d 1004, 1005 [2d Dept 2019]; Elassad v Nastasi, 165 AD3d 1040, 1041 [2d Dept 2018]; Glover, 109 AD3d at 1184).
We reject claimant's contention that defendant failed to establish that it did not have actual notice of the dangerous condition. To the contrary, defendant met its initial burden on its motion with respect to actual notice "by submitting evidence that [it] did not receive any complaints concerning the condition of the [sidewalk] and [was] not otherwise aware of any ice or other slippery substance in that location prior to [claimant's] accident" (Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1402 [4th Dept 2018]; see Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]). In opposition to defendant's motion, claimant failed to raise a triable issue of fact with respect to actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We also reject claimant's contention that defendant failed to establish that it lacked constructive notice of the dangerous condition. "To receive summary judgment with respect to [claimant's] claim of constructive notice, defendant[] had the initial burden of establishing as a [*2]matter of law that the alleged icy condition was not visible and apparent or that the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition" (Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397 [4th Dept 2017] [internal quotation marks omitted]). Here, although claimant's deposition testimony submitted in support of defendant's motion raises a triable issue of fact with respect to whether the ice was visible and apparent (see Sodhi v Dollar Tree Stores, Inc., 175 AD3d 914, 916 [4th Dept 2019]; Gwitt v Denny's Inc., 92 AD3d 1231, 1232 [4th Dept 2012]), we nevertheless conclude that defendant established as a matter of law that it did not have constructive notice of the dangerous condition by submitting the opinion of its expert meteorologist that the ice did not "exist[] for a sufficient period of time to permit discovery and corrective action by defendant[]" (Wilson v Walgreen Drug Store, 42 AD3d 899, 900 [4th Dept 2007]). Claimant failed to raise a triable issue of fact with respect to that issue (see generally Zuckerman, 49 NY2d at 562).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court