Nicosia v Bucky Demelas & Son Landscape Contrs., Inc. (2021 NY Slip Op 03041)





Nicosia v Bucky Demelas & Son Landscape Contrs., Inc.


2021 NY Slip Op 03041


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-11390
 (Index No. 609289/16)

[*1]Janet Nicosia, respondent, 
v
Bucky Demelas & Son Landscape Contractors, Inc., appellant.


Gorton & Gorton, LLP, Garden City, NY (John T. Gorton of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Christen Giannaros], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated September 18, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained on the morning of February 18, 2014, when she slipped and fell on ice in the parking lot of her place of employment in Nassau County. The defendant had been hired by the nonparty occupant of the premises to plow the subject parking lot. The defendant moved for summary judgment dismissing the complaint on the ground that it did not owe a duty of care to the plaintiff. The Supreme Court denied the motion, and the defendant appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citation and internal quotation marks omitted]).
Here, the plaintiff alleged facts in both her complaint and her bill of particulars in support of her allegation that the defendant created the dangerous condition that caused her to slip and fall. Thus, in support of its motion for summary judgment, the defendant was required to establish, prima facie, that it did not create the alleged dangerous condition (see Gushin v Whispering Hills Condominium I, 96 AD3d 721, 722; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). The defendant failed to make such a showing. The evidence submitted by the defendant demonstrated [*2]that the defendant piled snow in large mounds in the parking lot, and that approximately four feet of snow was also piled against the side of a building in close proximity to the location of the accident. The plaintiff alleged that large patches of ice were located throughout the parking lot, and that she fell on one of those large patches of ice. The defendant failed to eliminate the existence of a triable issue of fact as to whether the ice on which the plaintiff allegedly slipped and fell was formed when snow piles created by the defendant's snow removal efforts melted and refroze (see Viera v Rymdzionek, 112 AD3d 915, 916; Gushin v Whispering Hills Condominium I, 96 AD3d 721; Vilorio v Suffolk Y Jewish Community Ctr., Inc., 33 AD3d 696). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court