Britt v Northern Dev. II, LLC (2021 NY Slip Op 06486)





Britt v Northern Dev. II, LLC


2021 NY Slip Op 06486


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


740 CA 21-00252

[*1]ELIZABETH BRITT, PLAINTIFF-APPELLANT,
v
NORTHERN DEVELOPMENT II, LLC, RYCO MANAGEMENT, LLC, AND DOUGLAS PATNODE ENTERPRISES, DEFENDANTS-RESPONDENTS. 






CELLINO LAW, LLP, ROCHESTER (ROBERT L. VOLTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
VAHEY GETZ, LLP, ROCHESTER (JARED K. COOK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NORTHERN DEVELOPMENT II, LLC AND RYCO



 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William K. Taylor, J.), entered August 27, 2020. The order and judgment granted the motions of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion of defendants Northern Development II, LLC and Ryco Management, LLC in part and reinstating the amended complaint against those defendants insofar as the amended complaint alleges that they had constructive notice of the allegedly dangerous condition and created that condition, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on ice in a parking lot owned by defendant Northern Development II, LLC and managed by defendant Ryco Management, LLC (collectively, Ryco defendants). Defendant Douglas Patnode Enterprises (Patnode) had contracted with the Ryco defendants to provide snow plowing services. Patnode moved for summary judgment dismissing, inter alia, the amended complaint against it, and the Ryco defendants moved for summary judgment dismissing the amended complaint against them. Supreme Court granted both motions.
Contrary to plaintiff's contention, the court did not err in determining that Patnode owed no duty to plaintiff and thus properly granted that part of Patnode's motion seeking summary judgment dismissing the amended complaint against it. "As a general rule, a contractual obligation, standing alone, does not give rise to tort liability in favor of a third party" (Lorquet v Timoney Tech. Inc., 188 AD3d 1584, 1585 [4th Dept 2020] [internal quotation marks omitted]). There is an exception to that general rule, however, "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]). Here, even assuming, arguendo, that the allegations in the pleadings are sufficient to require Patnode to negate the possible applicability of that exception in establishing its prima facie entitlement to summary judgment, we conclude that Patnode met its initial burden of establishing that it did not launch a force or instrument of harm by creating or exacerbating a [*2]dangerous condition (see Lingenfelter v Delevan Terrace Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]; see generally Morris v Ontario County, 152 AD3d 1185, 1187 [4th Dept 2017]). In opposition thereto, plaintiff failed to raise a triable issue of fact. "[B]y merely plowing the snow, as required by the contract, [Patnode's] actions could not be said to have created or exacerbated a dangerous condition" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 361 [2007] [internal quotation marks omitted]; see Lingenfelter, 149 AD3d at 1523; cf. Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1403 [4th Dept 2018]).
As to the motion of the Ryco defendants, "[i]t is well settled that defendants seeking summary judgment dismissing a complaint in a premises liability case have the initial burden of establishing that [they] did not create the [allegedly] dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (Depczynski v Mermigas, 149 AD3d 1511, 1511-1512 [4th Dept 2017] [internal quotation marks omitted]; see Hagenbuch v Victoria Woods HOA, Inc., 125 AD3d 1520, 1521 [4th Dept 2015]). Contrary to plaintiff's contention, the Ryco defendants met their initial burden of establishing that they did not have actual notice of any dangerous condition "by submitting evidence that [they] did not receive any complaints concerning the area where plaintiff fell and [were] unaware of any [ice] in that location prior to plaintiff's accident" (Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576 [4th Dept 2018] [internal quotation marks omitted]; see Danielak v State of New York, 185 AD3d 1389, 1389-1390 [4th Dept 2020], lv denied 35 NY3d 918 [2020]). In opposition, plaintiff failed to raise a triable issue of fact with respect to actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, we reject plaintiff's contention that the court erred in granting the Ryco defendants' motion with respect to the claim that they had actual notice of the icy condition.
We agree with plaintiff, however, that the court erred in granting those parts of the Ryco defendants' motion seeking summary judgment dismissing the amended complaint against them insofar as the amended complaint alleges that they had constructive notice of the allegedly dangerous condition and that they created that condition, and we therefore modify the order and judgment accordingly. With respect to constructive notice, it is well settled that a "defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific recurrence of the condition" (Rachlin v Michaels Arts & Crafts, 118 AD3d 1391, 1393 [4th Dept 2014] [internal quotation marks omitted]; see Anderson v Great E. Mall, L.P., 74 AD3d 1760, 1761 [4th Dept 2010]). Here, the Ryco defendants' own submissions raise a triable issue of fact whether they had actual knowledge of a recurring dangerous condition in the parking lot in front of the entrance where plaintiff fell, thereby placing them on constructive notice (see Phillips v Henry B'S, Inc., 85 AD3d 1665, 1666-1667 [4th Dept 2011]; see also Monnin v Clover Group, Inc., 187 AD3d 1512, 1513-1514 [4th Dept 2020]; Campone v Pisciotta Servs., Inc., 87 AD3d 1104, 1105 [2d Dept 2011]).
The Ryco defendants also failed to establish as a matter of law that they did not create the allegedly dangerous condition. The Ryco defendants submitted the deposition testimony of their property manager, who testified that the Ryco defendants directed Patnode to deposit plowed snow in an area of higher elevation than the parking lot and that every winter and spring, when the plowed snow melted, it flowed toward the entrance where plaintiff fell and pooled in the depressions in the parking lot. Viewing that testimony and the Ryco defendants' other submissions in the light most favorable to plaintiff (see generally Gronski v County of Monroe, 18 NY3d 374, 381 [2011], rearg denied 19 NY3d 856 [2012]), we conclude that the Ryco defendants' own submissions "failed to eliminate the existence of a triable issue of fact as to whether the ice on which . . . plaintiff allegedly slipped and fell was formed when snow piles created by the [Ryco] defendant[s'] snow removal efforts melted and refroze" (Nicosia v Bucky Demelas & Son Landscape Contrs., Inc., 194 AD3d 826, 828 [2d Dept 2021]; see Eisenberg v Town of Clarkstown, 172 AD3d 683, 684-685 [2d Dept 2019]; see also Hannigan v Staples, Inc., 137 AD3d 1546, 1549 [3d Dept 2016]). Because the Ryco defendants failed to meet their initial burden on their motion with respect to the claims that they had constructive notice of the allegedly dangerous condition and created that condition, the motion should have been denied to that extent regardless of the sufficiency of plaintiff's opposing submissions (see Taylor v Kwik Fill—Red Apple, 181 AD3d 1317, 1318 [4th Dept 2020]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court