Marion v CA Kaplan Park Dr., LLC (2022 NY Slip Op 04462)

Marion v CA Kaplan Park Dr., LLC

2022 NY Slip Op 04462

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

379 CA 21-00401

[*1]ROBERT MARION, PLAINTIFF-APPELLANT,
v
CA KAPLAN PARK DRIVE, LLC, RIDGE STREET WAREHOUSE, INC., MILLER TOWNHOUSE, DOING BUSINESS AS RIDGE STREET WAREHOUSE, CA KAPLAN REAL ESTATE, LORI KAPLAN AND CHARLES KAPLAN, ALSO KNOWN AS C.K. KAPLAN PARK DRIVE, LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

ROBERT F. JULIAN, P.C., UTICA (STEPHANIE A. PALMER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PILLINGER MILLER TARALLO, LLP, SYRACUSE (MARIA T. MASTRIANO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered February 19, 2021. The order granted the motion of defendants for summary judgment, dismissed the complaint and denied the cross motion of plaintiff to amend the pleadings. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendants CA Kaplan Park Drive, LLC and Ridge Street Warehouse, Inc. insofar as it alleges that defendant CA Kaplan Park Drive, LLC had constructive notice of the allegedly dangerous condition at F-1, 100 Mustang Drive in Rome, New York on March 4, 2015 and that defendant Ridge Street Warehouse, Inc. created or had constructive notice of the allegedly dangerous condition at 1904 N. George Street in Rome, New York on March 12, 2015, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained in two separate incidents. On March 4, 2015, plaintiff slipped and fell on ice in a parking lot owned by defendant CA Kaplan Park Drive, LLC (Kaplan Park). On March 12, 2015, plaintiff slipped and fell on ice on a driveway owned by defendant Ridge Street Warehouse, Inc. (Ridge Street). Defendants moved for summary judgment dismissing the complaint against them. Plaintiff now appeals from an order that, inter alia, granted the motion, contending that he raised triable issues of fact whether defendants created or had actual or constructive notice of the alleged icy conditions, and that Supreme Court thus erred in granting the motion.
We agree with plaintiff that the court erred in granting those parts of the motion seeking summary judgment dismissing the complaint against Kaplan Park and Ridge Street insofar as it alleges that they had constructive notice of the allegedly dangerous conditions on their respective properties, and we therefore modify the order accordingly. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395 [4th Dept 2021]; Eagan v Page 1 Props., LLC, 171 AD3d 1452, 1454 [4th Dept 2019]). Here, assuming, arguendo, that defendants met their initial burden of establishing that Kaplan Park and Ridge Street lacked constructive notice of the alleged conditions on their [*2]respective properties, we conclude that plaintiff raised triable issues of fact whether the allegedly dangerous conditions were visible and apparent and existed for a sufficient length of time prior to the accidents to permit those defendants to correct them (see Eagan, 171 AD3d at 1454).
We agree with plaintiff that the court also erred in granting that part of the motion for summary judgment dismissing the complaint against Ridge Street insofar as it alleges that Ridge Street created the dangerous condition that was on its property at the time of the March 12 incident, and we therefore further modify the order accordingly. Assuming, arguendo, that defendants met their initial burden on the motion of establishing that Ridge Street did not create the alleged dangerous condition, we conclude that plaintiff raised an issue of fact whether Ridge Street created the dangerous condition through its snow removal efforts (see generally Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1436 [4th Dept 2021]; Nicosia v Bucky Demelas & Son Landscape Contrs., Inc., 194 AD3d 826, 828 [2d Dept 2021]; Depczynski v Mermigas, 149 AD3d 1511, 1512 [4th Dept 2017]).
We have considered plaintiff's remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court