Evans v Old Forge Props., Inc. (2023 NY Slip Op 00795)

Evans v Old Forge Props., Inc.

2023 NY Slip Op 00795

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1053 CA 21-01211

[*1]DOUGLAS EVANS AND WENDY EVANS, PLAINTIFFS-APPELLANTS,
v
OLD FORGE PROPERTIES, INC., DOING BUSINESS AS ENCHANTED FOREST WATER SAFARI AND TIMOTHY J. NOONAN, AS CHIEF EXECUTIVE OFFICER OF OLD FORGE PROPERTIES, INC., DEFENDANTS-RESPONDENTS. 

HOGANWILLIG, PLLC, AMHERST (ROBERT P. HAMILTON, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered July 27, 2021. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by Douglas Evans (plaintiff) when he rode down a water slide at an amusement park. Plaintiffs appeal from an order that granted defendants' motion for summary judgment dismissing the complaint. We affirm.
Initially, we note that plaintiffs' challenge to the qualifications of defendants' expert, a water park safety consultant, is unpreserved inasmuch as plaintiffs failed to object on that ground before Supreme Court, and they may not raise that issue for the first time on appeal (see Walker v Caruana, 175 AD3d 1807, 1807 [4th Dept 2019]; see generally Horton v Smith, 51 NY2d 798, 799 [1980]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We further conclude that the court properly granted defendants' motion and dismissed the complaint. Defendants satisfied their "initial burden of establishing that [they] did not create the alleged dangerous condition and did not have actual or constructive notice of it" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1468 [4th Dept 2013] [internal quotation marks omitted]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1435-1436 [4th Dept 2021]). Although defendants concede that there had been an accident on the water slide about a year before plaintiff's accident, that single prior incident is insufficient to put defendants on notice of a purported recurrent, dangerous condition with respect to the water slide (see Crawford v AMF Bowling Ctrs., Inc., 18 AD3d 798, 799 [2d Dept 2005]). In opposition, plaintiffs failed to raise a triable issue of fact with respect to whether defendants created or had notice of the alleged dangerous condition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In light of our determination, plaintiffs' remaining contention is academic.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court