Irwin v St. John the Evangelist Church of Greece (2024 NY Slip Op 03622)

Irwin

2024 NY Slip Op 03622

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

350 CA 23-00974

[*1]JOAN K. IRWIN, PLAINTIFF-RESPONDENT,
v
ST. JOHN THE EVANGELIST CHURCH OF GREECE, DEFENDANT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL Z. DEUBLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
GALLO & IACOVANGELO, LLP, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered June 5, 2023. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleged that defendant had actual notice of the alleged dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries she sustained when she allegedly slipped and fell on a patch of ice on the sidewalk of premises owned by defendant, fracturing her arm and cutting her forehead. Plaintiff alleged, inter alia, that an extension to the roof of the building had been designed without gutters, causing water to run off the roof and onto the sidewalk, where it would routinely freeze. Plaintiff alleged that defendant was negligent in creating the dangerous condition, in failing to maintain the premises, and in failing to warn of the dangerous condition. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint.
Defendant contends that it met its initial burden on the motion of establishing that it did not create or have actual or constructive notice of the alleged dangerous condition. A defendant seeking summary judgment dismissing a complaint in a premises liability case bears "the initial burden of establishing that [it] did not create the [allegedly] dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (Depczynski v Mermigas, 149 AD3d 1511, 1511-1512 [4th Dept 2017] [internal quotation marks omitted]; see Hagenbuch v Victoria Woods HOA, Inc., 125 AD3d 1520, 1521 [4th Dept 2015]). We conclude that defendant met its initial burden of establishing that it did not have actual notice of the alleged dangerous condition "by submitting evidence that [it] did not receive any complaints concerning the area where plaintiff fell and [was] unaware of any [ice] in that location prior to plaintiff's accident" (Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576 [4th Dept 2018] [internal quotation marks omitted]; see Danielak v State of New York, 185 AD3d 1389, 1389-1390 [4th Dept 2020], lv denied 35 NY3d 918 [2020]). Inasmuch as plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), Supreme Court erred in denying the motion with respect to that part of the complaint alleging that defendant had actual notice of the alleged icy condition. We therefore modify the order accordingly.
We reject defendant's contention that the court erred in denying those parts of its motion seeking summary judgment dismissing the complaint insofar as it alleged that defendant had constructive notice of the alleged dangerous condition and that it created that condition. With [*2]respect to constructive notice, a "defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific recurrence of the condition" (Rachlin v Michaels Arts & Crafts, 118 AD3d 1391, 1393 [4th Dept 2014] [internal quotation marks omitted]; see Anderson v Great E. Mall, L.P., 74 AD3d 1760, 1761 [4th Dept 2010]). Here, defendant's own submissions raise a triable issue of fact whether it had actual knowledge of a recurring dangerous condition in the area where plaintiff fell that would place it on constructive notice of plaintiff's alleged dangerous condition (see Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1436 [4th Dept 2021]; Phillips v Henry B'S, Inc., 85 AD3d 1665, 1666-1667 [4th Dept 2011]). Defendant also failed to establish as a matter of law that it did not create the alleged dangerous condition. Defendant submitted the deposition testimony of its pastor in charge of parish operations, which established that defendant "was aware that the absence of a gutter caused rain and melting snow to run off the roof and [accumulate on the sidewalk], causing ice to form during the winter months in the area where plaintiff fell" (Migli v Davenport, 249 AD2d 932, 933 [4th Dept 1998]). Viewing that testimony and defendant's other submissions in the light most favorable to plaintiff (see generally Gronski v County of Monroe, 18 NY3d 374, 381 [2011], rearg denied 19 NY3d 856 [2012]), we conclude that defendant's own submissions failed to eliminate the existence of a triable issue of fact whether the ice on which plaintiff allegedly slipped and fell was formed when water dripped from the roof onto the sidewalk below due to the lack of gutters (see Britt, 199 AD3d at 1436).
Finally, defendant contends that it had no duty to warn of a naturally occurring condition and that, in any event, it fulfilled its duty by posting warning signs in the area where plaintiff fell. We reject that contention. "Ordinarily, a landowner's duty to warn of a latent, dangerous condition on [its] property is a natural counterpart to [the] duty to maintain [the] property in a reasonably safe condition" (Carol S. v State of New York, 185 AD3d 1385, 1386 [4th Dept 2020] [internal quotation marks omitted]; see Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]). However, "a landowner has no duty to warn of an open and obvious danger" (Tagle v Jakob, 97 NY2d 165, 169 [2001]). We conclude that defendant's own submissions raise issues of fact with respect to the open and obvious nature of the alleged dangerous condition inasmuch as defendant submitted both the deposition testimony of plaintiff, who stated that she did not see the patch of ice until she was on the ground, and the affidavit of the pastor, who averred that he did not see any ice in the area where plaintiff fell. We further conclude that there are issues of fact whether defendant nevertheless met its obligation to warn of the alleged dangerous condition.
In light of defendant's failure to meet its initial burden on its motion with respect to its constructive notice of the alleged dangerous condition, its creation of that condition, or its duty to warn, the court properly denied those parts of the motion regardless of the sufficiency of plaintiff's opposing submissions (see Britt, 199 AD3d at 1436; Taylor v Kwik Fill—Red Apple, 181 AD3d 1317, 1318 [4th Dept 2020]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court