Kirschler v Village of N. Collins (2024 NY Slip Op 03977)

Kirschler v Village of N. Collins

2024 NY Slip Op 03977

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

458 CA 23-00623

[*1]KATHLEEN KIRSCHLER AND WALTER KIRSCHLER, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
VILLAGE OF NORTH COLLINS AND VILLAGE OF NORTH COLLINS DEPARTMENT OF PUBLIC WORKS, DEFENDANTS-APPELLANTS-RESPONDENTS. 

HURWITZ FINE P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 21, 2023. The order denied defendants' motion for summary judgment dismissing the complaint and denied in part plaintiffs' cross-motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries Kathleen Kirschler (plaintiff) allegedly sustained when she slipped and fell on ice in the staff parking lot of her employer, a school district (District). The District had entered into an intermunicipal agreement (Agreement), pursuant to section 119-o of the General Municipal Law, with defendant Village of North Collins pursuant to which the village, through defendant Village of North Collins Department of Public Works, agreed to provide salting services for certain of the District's parking lots, including the staff parking lot. Defendants moved for summary judgment dismissing the complaint on the grounds that they did not owe plaintiff a duty of care and that plaintiff was unable to identify the cause of her fall. Plaintiffs cross-moved for summary judgment on the issues of duty, negligence, and causation. Supreme Court denied the motion and granted that part of the cross-motion with respect to the issue of duty. Defendants appeal, and plaintiffs cross-appeal.
We reject defendants' contention on their appeal that the court erred in denying their motion with respect to the issue of duty.
" '[T]he threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?' " (Nicholas T. v Town of Tonawanda, 213 AD3d 1333, 1334 [4th Dept 2023]). Here, any duty that defendants owed with respect to salting the parking lot arose exclusively out of the intermunicipal agreement with the District (see generally Lingenfelter v Delevan Terrace Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), and that principle applies with equal force where the contractual obligation arises from the sort of intermunicipal contract at issue here (see Honer v McComb, 126 AD3d 1555, 1556 [4th Dept 2015]; see also Suzanne P. v Joint Bd. of Directors of Erie-Wyoming County Soil Conservation Dist., 175 AD3d 1093, 1094 [4th Dept 2019], affd 41 NY3d 391 [2024], rearg denied 41 NY3d 1000 [2024]). Nevertheless, a party who enters into a contract to render services may be said to have assumed a duty of care to third persons where "the contracting party, in failing to exercise reasonable care in the performance of [*2][its] duties, 'launches a force or instrument of harm' " (Espinal, 98 NY2d at 140).
We agree with defendants that they met their initial burden on the motion of establishing that, in performing their salting obligations, they did not launch a force or instrument of harm by creating or exacerbating a dangerous condition (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 361 [2007]; Espinal, 98 NY2d at 142; Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1435 [4th Dept 2021]; Lingenfelter, 149 AD3d at 1523). In opposition, plaintiffs submitted the affidavit of an expert, who opined that defendants' use of sodium chloride (rock salt) created a dangerous condition and launched a force of harm because the rock salt would have caused water to flow and pool near the area where plaintiff fell. The expert further opined that, due to the temperatures on the date of the incident, the pooled water near the area of plaintiff's fall would have refrozen quickly, thereby creating the alleged dangerous condition (see Bregaudit v Loretto Health & Rehabilitation Ctr., 211 AD3d 1582, 1585 [4th Dept 2022]). Plaintiffs also submitted the deposition testimony of defendants' employee, who confirmed that during wintertime, when the temperature can fluctuate above and below freezing, water could accumulate in the parking lot where plaintiff fell, and that the accumulated water could then freeze when the temperature went below freezing (see Britt, 199 AD3d at 1436). We conclude that plaintiffs' submissions raised a triable issue of fact whether defendants assumed a duty of care to plaintiff by launching the force or instrument of harm. The court thus properly denied that part of the motion with respect to the issue of duty. Because there is a question of fact whether defendants owed a duty of care to plaintiff, however, we further conclude that the court erred in granting that part of the cross-motion with respect to the issue of duty, and we therefore modify the order accordingly.
Defendants also contend on their appeal that the court erred in denying that part of their motion seeking summary judgment dismissing the complaint on the ground that plaintiff could not identify the cause of her fall without engaging in speculation. We reject that contention. Defendants failed to meet their initial burden on the motion inasmuch as their own submissions raised a triable issue of fact regarding the cause of the fall. In particular, defendants submitted the deposition testimony of plaintiff, who testified that she noticed ice on the ground when she opened her car door because when she put her feet out, she felt that the pavement was slippery. In addition, the fact that defendants had been called to salt the parking lot supports the reasonable inference that icy patches remained among the melting snow (see Williams v Jones, 139 AD3d 1346, 1348 [4th Dept 2016]). We note that circumstantial evidence is sufficient to preclude summary judgment "if the plaintiffs show[ ] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364-1365 [4th Dept 2012]; see Jewett v M.D. Fritz, Inc., 83 AD3d 1572, 1574 [4th Dept 2011]).
We have considered plaintiffs' contentions on their cross-appeal and conclude that none warrants further modification or reversal of the order.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court